1  GABRIEL P. HERRERA, State Bar No. 287093
   *gherrera@kmtg.com*
2  KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
   A Professional Corporation
3  1331 Garden Hwy, 2nd Floor
   Sacramento, California 95833
4  Telephone: (916) 321-4500
   Facsimile: (916) 321-4555
5
   Attorney for Defendant
6  SKYFINEUSA, LLC

7

8              UNITED STATES DISTRICT COURT

9        EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

10

| | |
|---|---|
| ADAM STOKES, on behalf of himself and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SKYFINEUSA, LLC, a Utah Limited Liability Company, and DOES 1-100, inclusive,<br><br>Defendants. | Case No.<br><br>[Sacramento County Superior Court Case No. 34-2022-00324073]<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT FROM STATE COURT BY DEFENDANT SKYFINEUSA, LLC** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant SKYFINEUSA, LLC, ("Defendant" or "SkyFine") a Utah limited liability company, hereby removes this action from the Superior Court of the State of California, County of Sacramento, to the United States District Court for the Eastern District of California pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 as the United States District Court for the Eastern District of California has original jurisdiction. In support thereof, Defendant submits as follows:

**I.     STATEMENT OF JURISDICTION**

1.  The United States District Court for the Eastern District of California has original subject matter jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a). 28 U.S.C. § 1332(a)

1 provides that the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds $75,000 and is between: (a) citizens of different states; (b) citizens of a state and citizens or subjects of a foreign state; (c) citizens of different states and in which citizens or subjects of a foreign state are additional parties; and (d) a foreign state as plaintiff and citizens of a state or different states.  As set forth below, there is complete diversity among all parties as the members of SkyFine are not citizens of California, the plaintiffs are citizens of California, and the amount in controversy exceeds $75,000.

2. Removal to this Court and venue is proper in the United States District Court for the Eastern District of California because the action was filed and is pending in the Superior Court of the State of California, County of Sacramento, which is within this judicial district.  28 U.S.C. §§ 84(c)(2); 1391(b) & 1446(a).

## II. PROCEDURAL POSTURE AND PLEADINGS

3. On or about July 22, 2022, Plaintiff Adam Stokes ("Plaintiff") commenced Case No. 32-2022-00324073 in the Superior Court of the State of California, County of Sacramento, against SkyFine alleging causes of action for: (a) Violation of the Consumer Contract Awareness Act of 1990; (b) Fraud and Deceit; (c) Negligent Misrepresentation; and (d) Unfair Business Practices ("State Court Action").  The State Court Action is identified as a class action lawsuit filed by Plaintiff on his own behalf and for "all [similarly situated] individuals in California."  Complaint at ¶ 5.

4. On or about December 20, 2022, Plaintiff provided copies to SkyFine of the Complaint and the Summons filed in the State Court Action, and a Notice and Acknowledgement of Receipt in order to properly serve SkyFine.  The Notice and Acknowledgement of Receipt was executed on behalf of Plaintiff on January 4, 2023.

5. SkyFine is a limited liability company with two members, one of which resides in the state of Utah and the other of which resides in the state of Florida.  SkyFine understands that it is the only defendant which has been served with process in the State Court Action.  Defendants Does 1-100 have not been identified.

/ / /

6. True and correct copies of the Summons, Complaint, and every other process, pleading, and order served in this action to date on Defendant are attached to the Declaration of Gabriel P. Herrera ("Herrera Decl.") as the Exhibits identified below:

**Exhibit A:** Complaint

**Exhibit B:** Summons

**Exhibit C:** Civil Case Cover Sheet

**Exhibit D:** Notice of Case Management Conference and Orders Re: Complex Case Management Procedures

**Exhibit E:** Notice of Withdrawal of Proof of Service Summons on SkyFineUSA, LLC

**Exhibit F:** Executed Notice and Acknowledgement of Receipt

**Exhibit G:** Civil Case Details in *Adam Stokes v. SkyFine USA, LLC, et al.,* Sacramento County Superior Court, Case No. 34-2022-00324073

### III.     DIVERSITY JURISDICTION IS SATISFIED

7. Diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a), rendering removal of the State Court Action proper. For diversity purposes, a natural person's state citizenship is determined by that person's "permanent home, where [that person] resides with the intention to remain or to which [that person] intends to return." *Kanter v. Warner-Lambert Co.*, 265 F. 3d 853, 857 (9th Cir. 2001). A limited liability company, on the other hand, is a citizen of every state of which its members are citizens. *Johnson v. Columbia Properties Anchorage, LP*, 437 F. 3d 894, 899 (9th Cir. 2006).

8. Plaintiff alleges that at all relevant times mentioned in the Complaint, Plaintiff was a resident of California, domiciled in the County of Sacramento, State of California. Complaint at ¶ 1. Moreover, "[t]he class which Plaintiff represents… is composed of all individuals in California who, at any time… leased a SKYFINE IID and/or had the SKYFINE IID installed on their vehicle by SKYFINE or one of its related entities or vendors." Complaint at ¶ 5. Accordingly, Plaintiff himself and others similarly situated are citizens of the State of California.

/ / /

9. As noted above, SkyFine has two members, who reside in either the state of Utah or the state of Florida. Thus, SkyFine is not a citizen of California. See *Johnson*, *supra*, 437 F. 3d at 899.

10. The matter in controversy exceeds the sum of $75,000. See 28 U.S.C. § 1332(a). In cases where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant can establish that it is "more likely than not" that the amount in controversy exceeds the statutory amount. *Sanchez v. Monumental Life Ins. Co.*, 102 F. 3d 398, 404 (9th Cir. 1996). Here, Plaintiff is seeking "all actual damages suffered by Plaintiff and class members including, but not limited to, unauthorized, excessive, and unreasonable charged levied by SKYFINE." Complaint at ¶ 26. Plaintiff alleges that he was improperly charged over $5,400 by SkyFine and that "Class Members are so numerous, consisting in excess of thousands of individuals…." Complaint at ¶¶ 6 and 19. Since Plaintiff and class members, which are claimed to be in excess of thousands of individuals, were each allegedly charged thousands of dollars, it is more likely than not that the damages sought are in excess of $75,000.

### IV. TIMELINESS

11. This Notice of Removal is timely filed within 30 days of the date in which SkyFine was properly served with the Complaint and Summons. 28 U.S.C. § 1446(b).

### V. NOTICE TO PLAINTIFF AND THE STATE COURT

12. As required by 28 U.S.C. § 1446(d), SkyFine is providing written notice of this removal to Plaintiff, through counsel, and concurrently filing a copy of the Notice with the clerk of the Sacramento County Superior Court.

DATED: January 11, 2023

KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
A Professional Corporation

By: _____
Gabriel P. Herrera
Attorney for Defendant
SKYFINEUSA, LLC